[No. 7,896.—In Bank.]

## CHARLES C. JENKS v. THE COUNCIL OF THE CITY OF OAKLAND.

JUSTICES OF THE PEACE — CITIES — CONSTITUTIONAL LAW — ELECTIONS — LOCAL OR SPECIAL LAWS—GENERAL LAWS—DEFINITIONS.—*Bishop* v. *The Council of the City of Oakland, supra,* 572, affirmed.

ID.—ID.—SALARY OF CITY JUSTICE—CONSTRUCTION OF CODE.—It is the intention of section 103, though not expressly so stated, that the salaries of city Justices of the Peace shall be paid by the city for which they are elected, and also that they shall be paid monthly.

APPEAL from a judgment for the plaintiff for a peremptory writ of mandamus against the defendant in the Superior Court of Alameda County. CRANE, J.

*J. M. Poston,* for Appellant.

The charter of the City of Oakland does not provide for the payment of any such salary; neither does the Code of Civil Procedure, nor any other code or law. It must fall within the general provisions of section 1029 of the Political Code, which provides as follows: "Unless otherwise provided by law, the salaries of officers must be paid out of the General Fund in the State Treasury." Especially does it fall within this section if, as was claimed in the Court below, the office is a State office, a part of the general judicial system for the State. The salary is an annual salary; the word "annual" is emphasized by repetition in the slightly modified form "per annum." The salary is not due, on well-settled principles of law, until the end of the year. There is nothing in the fact that it has become a custom in the City of Oakland to pay annual salaries in monthly installments; it is a custom that

may be changed at any time at the will of the Council; just as an ordinance may be repealed or a resolution rescinded.

*J. G. McCallum,* for Respondent.

It is alleged in the complaint and admitted by the appellant that it has always been the custom in this State and in the city of Oakland, and is now in all other cases, to pay such annual salaries *pro rata* monthly. There can be no serious question as to the intention that the city Justices were to receive their salaries from the city which received the fees for their services.

THORNTON, J.:

All the questions which arise in this case are passed on in *Bishop* v. *The Council of the City of Oakland, supra,* 572, save one, which we will proceed to examine.

This question relates to the salary of a Justice of the Peace of the City of Oakland. By the provisions of section 103 of the Code of Civil Procedure, as enacted by the act of April 1st, 1880 (see amendments to the Code of Civil Procedure, p. 34), it is provided that every Justice of the Peace in any city having over ten thousand inhabitants, shall receive an annual salary of two thousand dollars per annum ; and further, that all fees which are by law chargeable for services rendered by such Justices of the Peace in the cities aforesaid, shall be by them respectively collected, and on the first Monday in each month every such Justice shall make report under oath to the City Treasurer of the amount of fees so by him collected, and pay the amount so reported into the City Treasury, to the credit of the General Fund thereof.

It is objected that it is not provided in the statute that the salary is to be paid by the City of Oakland. It is not expressly so stated, but we are of opinion that it was the intention of the Legislature that the salary should be paid by the city. This intention is in our judgment clearly manifested by the requirement that the fees of office collected by the Justice should be paid into the City Treasury.

But it is said that monthly payments of this salary are not provided for by law. The payment of salaries to public officers monthly, where not otherwise provided by law, is uni-

versal in this State. We do not know of an exception. It is so provided by statute as to officers whose salaries are paid out of the State Treasury. (Political Code, § 1029.) It is averred in the petition in this cause that it has always been the practice, usage, and custom of the authorities of the City of Oakland, ever since the organization of the city goverment, and still is, to pay all officers entitled to annual salaries out of the City Treasury *pro rata* monthly; that the only exception is as to the Justices of the Peace elected under the statute of 1880, to whom they refuse to pay any salary whatever. These averments are not denied in the answer.

Under these circumstances, it is our judgment that the plaintiff is entitled to have his salary paid to him *pro rata* every month at the rate of two thousand dollars per annum, and that the judgment of the Court below and its order denying defendant's motion for a new trial are without error and should be and are hereby affirmed.

MYRICK, J., SHARPSTEIN, J., and MORRISON, C. J., concurred.